UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TUT G. KEUK,

Petitioner,

v.

CURTIS J. ALJETS,
INS-District Director Minnesota,

Respondent.

Civil File No. 01-971 (MJD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be TRANSFERRED to the U.S. District Court for the Northern District of Texas, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a native of Sudan who came to the United States in 1995, and lived in this country for several years as a "lawful permanent resident." In 1997, he robbed a gas station here in Minnesota. He was charged, convicted and sentenced for his crime, and served approximately 30 months in state prison. When he was released from prison in

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. <u>See</u> Rule 1(b).

FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

July 1999, he was taken into custody by the United States Immigration and Naturalization Service, ("INS"), pending a determination of his deportability.

In November 1999, Petitioner was ordered to be deported. Later that year, the INS attempted to return Petitioner to his homeland. Petitioner was flown to Africa, but he was brought back to the United States after being refused admission in several African countries.

Petitioner apparently has been incarcerated by the INS ever since the unsuccessful attempt to deport him in 1999. At present, he is being held at the Mansfield Law Enforcement Center, ("MLEC"), in Mansfield, Texas. Petitioner is seeking a writ of habeas corpus that would cause him to be released from INS custody. The respondent named in his petition, Curtis J. Aljets, is identified as the "INS District Director for the District of Minnesota."

**II. DISCUSSION**

Because Petitioner is not currently confined in Minnesota, his application for a writ of habeas corpus cannot properly be entertained in this District. It is well-settled in this Circuit that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief

administrative official of the correctional institution in which the petitioner is incarcerated").

Thus, when a person who is being detained by the INS seeks habeas corpus relief, he or she must normally bring an action against the warden at the institution where he or she is confined. Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994), citing Brittingham v. U.S., 982 F.2d 378, 379 (9th Cir. 1992). See also Guerra v. Meese, 786 F.2d 414, 416-17 (D.C.Cir. 1986); Carvajales-Cepeda v. Meissner, 966 F.Supp. 207, 208 (S.D.N.Y. 1997); Wang v. Reno, 862 F.Supp. 801, 812 (E.D.N.Y. 1994); Guerrero-Musla v. Reno, No. 98 Civ. 2779(HB), (S.D.N.Y. May 28, 1998) 1998 WL 273038. As the court explained in U.S. ex rel. Sadiku v. INS, No. 95 C 1487 (N.D.Ill. 1995), 1995 WL 215050 at *2, "[t]he general rule is that the custodian of an immigration detainee is the warden of the facility that has day-to-day control of the detainee."

In this case, the named Respondent, Curtis J. Aljets, cannot properly be considered to be Petitioner's "custodian." Instead, Petitioner's custodian for habeas corpus purposes, and the proper respondent for purposes of this action, is the Warden at MLEC.

If the Warden at MLEC were located within this state, so that personal jurisdiction could be exercised over him or her in this District, perhaps there could be a simple substitution of parties, so that the Warden at MLEC would become the named Respondent. However, the Warden at MLEC obviously is not located in this District; he or she must be located in Mansfield, Texas, which is in the Northern District of Texas. Because the Warden at MLEC is not located here, he or she is not subject to personal jurisdiction in this District.

Because the party who should be the Respondent in this habeas corpus action is not amenable to personal jurisdiction in this District, the present petition simply cannot be

entertained here. While the action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631 -- as was done in Carvajales-Cepeda, (966 F.Supp. at 210), and Guerrero-Musla, (1998 WL 273038 at * 2). It is therefore recommended that the Clerk of Court be directed to transfer this case to the Northern District of Texas, where the proper Respondent, (i.e., the Warden at MLEC), is located. After the matter has been transferred, the transferee Court can address Petitioner's various submissions as that Court deems appropriate.

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the U.S. District Court for the Northern District of Texas.

DATED: June 5, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.